IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ROBERTA D'AMORE MARK      :
and KATHERINE MARK,
                          :
        Plaintiffs,
                          :
vs.                                        CA 09-0706-CG-C
                          :
WOOD HAULERS, INC., et al.,
                          :
        Defendants.

## REPORT AND RECOMMENDATION

This cause is before the Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b), on the removal petition (Doc. 1), plaintiff's motion to remand (Doc. 9; *see also* Doc. 10), the defendant's response in opposition to the remand motion (Doc.12), and plaintiff's reply (Doc. 13). Upon consideration of the foregoing pleadings, the Magistrate Judge recommends that the Court **GRANT** the motion to remand and **REMAND** this case to the Circuit Court of Baldwin County, Alabama from whence it came.

## FINDINGS OF FACT

1.      On September 30, 2009, plaintiffs filed a personal injury action

in the Circuit Court of Baldwin County, Alabama against the defendants arising out of injuries they suffered in an October 3, 2007 automobile collision on Interstate 10 in Baldwin County, Alabama. (Doc. 1, Exhibit A, COMPLAINT) The complaint sets forth each of the plaintiffs' separate claims of negligence, wantonness, and negligent entrustment. (*See id*. at 2-8) For purposes of this report and recommendation, the undersigned simply sets forth the allegations in each negligence count:

The Plaintiff, Roberta D'Amore Mark, alleges against the Defendants, Wood Haulers, Inc., P.I.&I. Motor Express, Inc., William Howard Lowe, and 1 through 30 as follows:

1. On or about October 3, 2007, the Defendant, William Howard Lowe, so negligently operated a vehicle on Interstate 10 at or near the intersection of Alabama Highway 59 and County Road 65, all of said roads being public roads in Baldwin County, Alabama, as to cause or allow the same to come into contact with a vehicle operated by the Plaintiff, Roberta D'Amore Mark.

2. At the time and place set forth hereinabove the Defendants, William Howard Lowe, and/or 1 through 10, were working within the line and scope of their employment as the agents, servants or employees of the Defendants, Wood Haulers, Inc., P.I.&I. Motor Express, Inc. and/or 11 through 30.

3. As a proximate consequence of the above described negligence of the Defendants, the Plaintiff, Roberta D'Amore Mark, was caused to incur the following injuries and damages: her neck and back were injured; she incurred medical expenses for the treatment of her injuries, and will incur additional such expenses in the future; she lost time and wages

2

from her place of employment, and will lose additional time and wages in the future; she was permanently disabled; and she was caused to suffer both physically and emotionally, still so suffers and will so suffer in the future.

WHEREFORE, the Plaintiff, Roberta D'Amore Mark, demands general compensatory damages, plus interest and costs, against the Defendants, Wood Haulers, Inc., P.I.&I. Motor Express, Inc., William Howard Lowe, and 1 through 30.

.     .     .

The Plaintiff, Katherine Mark, alleges against the Defendants, Wood Haulers, Inc., P.I.&I. Motor Express, Inc., William Howard Lowe, and 1 through 30, as follows:

1.     On or about October 3, 2007, the Defendant, William Howard Lowe, so negligently operated a vehicle on Interstate 10 at or near the intersection of Alabama Highway 59 and County Road 65, all of said roads being public roads in Baldwin County, Alabama, as to cause or allow the same to come into contact with a vehicle in which the Plaintiff, Katherine Mark, was riding as a passenger.

2.     At the time and place set forth hereinabove the Defendants, William Howard Lowe, and/or 1 through 10, were working within the line and scope of their employment as the agents, servants or employees of the Defendants, Wood Haulers, Inc., P.I.&I. Motor Express, Inc. and/or 11 through 30.

3.     As a proximate consequence of the above described negligence of the Defendants, the Plaintiff, Katherine Mark, was caused to incur the following injuries and damages: her back was injured; she incurred medical expenses for the treatment of her injuries, and will incur additional such expenses in the future; she lost time and wages from her place of employment, and will lose additional time and wages in the future; she was permanently disabled; and she was caused to

3

suffer both physically and emotionally, still so suffers and will so suffer in the future.

WHEREFORE, the Plaintiff, Katherine Mark, demands general compensatory damages, plus interest and costs, against the Defendants, Wood Haulers, Inc., P.I.&I. Motor Express, Inc., William Howard Lowe, and 1 through 30.

(*Id.* at 2-3 & 5-6)

2. In the notice of removal, filed October 28, 2009, the defendants contend that removal is proper based on diversity of citizenship. (*See* Doc.1, at ¶¶ 2-4)

2. The above-described action is a civil action of which this Court has jurisdiction under the provision[s] of Title 28, United States Code, §1332, and is one which may be removed to this Court by the Defendants/Petitioners therein pursuant to the provisions of Title 28, United States Code, § 1441, as amended. Complete diversity exists among the parties. Upon information and belief, the Plaintiffs are residents of San Antonio, Texas. Defendant Wood Haulers, Inc., was a foreign corporation organized and existing under the laws of the State of Arkansas, and its principal place of business was in Heber Springs, Arkansas. For purposes of diversity Wood Haulers, Inc. is a citizen of the State of Arkansas. Defendant P.I.&I. Motor Express, Inc. is a foreign corporation organized and existing under the laws of the State of Ohio with its principal place of business in Ohio. For purposes of diversity P.I.&I. Motor Express, Inc. is a citizen of the State of Ohio. The Defendant William Howard Lowe is an individual whose residence is located in Tennessee, and, who, for purposes of diversity is a citizen of the State of Tennessee.

3. This case first became removable on October 5, 2009, the date upon which the Complaint was served upon the

Defendants. Prior to the time suit was filed, counsel representing Plaintiffs demanded $350,000 to settle this case. [] This notice of removal is filed within thirty days of the date on which this case first became removable pursuant to 28 U.S.C. §1446(b), and is thus timely.

4.      The settlement demand attached hereto as Exhibit "B" constitutes other paper for the purposes of 28 U.S.C. § 1446(b). *Wilson v. Gen. Motors Corp.,* 888 F.2d 779, 780 (11th Cir. 1989); *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 n.62 (11th Cir. 2007).

(*Id.*)

3.      The exhibit attached to the removal petition is a March 18, 2009 letter penned by plaintiffs' Texas attorney, Forrest N. Welmaker, Jr., to Robert Petagrew of RLI Transportation, the insurer of defendant William Howard Lowe. (Doc. 1, Exhibit B)

Enclosed find medical specials and demands as follows:

|  | **Medical** | **Demands** | **Offers** |
|---|---|---|---|
| Roberta Mark | $9,684.01 | $350,000.00 | $25,000.00 |
| Katherine Mark | $9,888.21 | $350,000.00 | $50,000.00 |

Thank you for the initial offers. We reduce the demands above. We are nowhere close to settling this case. Should I hire local counsel? Please advise.

(*Id.*)[1]

---

[1]      By letter dated April 15, 2009, a claims examiner with RLI Transportation sent the following response to Mr. Welmaker: "After careful review of the file material and the materials that you have provided to assist with this matter we have decided to allow the current offers of $25,000.00 for Roberta Mark and $50,000.00 for Katherine Mark to remain available

4.    Plaintiffs filed their motion to remand on November 10, 2009. (Doc. 9) Therein, plaintiff contends that the removal was procedurally improper due to the defendants' failure to provide sufficient information in the removal documents for this Court to deduce that the removing parties have satisfied their burden of establishing by a preponderance of the evidence that the amount in controversy in this case more likely than not exceeds $75,000, exclusive of interest and costs. (Doc. 9, at 1; *see also* Doc.10, at 1-8)

Plaintiffs respectfully submit that the documents presently before the Court do not provide proof by a preponderance of the evidence that the jurisdictional amount is met. The only documents before the Court at this time are the Plaintiffs' Complaint, some discovery requests, Defendants' Notice of Removal, and Exhibit B to that Notice of Removal, a letter from Plaintiffs' Texas counsel dated March 18, 2009, making unsubstantiated demands on behalf of both Plaintiffs. Based upon established case law, the Court cannot deduce the amount in controversy from those documents.

Furthermore, and on the contrary, submitted in conjunction herewith is a letter dated April 15, 2009, from Defendants' insurance adjuster to Plaintiffs' Texas counsel establishing the Defendants' view that the Plaintiffs' claims are worth only $25,000 (for Roberta Mark) and $50,000 (for Katherine Mark). Since this evidence suggests that Defendants believe Plaintiffs' claims are worth less than $75,000 each, the Court cannot reasonably conclude that a preponderance of the evidence establishes that Plaintiffs' claims are worth more than $75,000. For these reasons, the removal was improvident and the case must be remanded to the Circuit Court of Baldwin

for a further thirty days." (Doc. 10, Exhibit A)

County.

.  .  .

[N]othing about the[] allegations or claims of injuries and damages [in the complaint] establish by a preponderance of the evidence that the amount in controversy for Roberta Mark's claims is greater than $75,000, or that the amount in controversy for Katherine Mark's claims exceed $75,000. No specific sums are sought in the *ad damnums*. No fixed sums of medical expenses or lost wages are specified. No particular sums are assigned to any of the components of the Plaintiffs' claims.

[] The March 18, 2009, demand letter from Plaintiffs' Texas counsel is similarly unavailing. The only "facts" discernible from this exhibit are that Roberta Mark incurred by that time medical special damages totaling $9,684.01, while Katherine Mark incurred by that time medical special damages in the amount of $9,888.21. What Plaintiffs' Texas counsel may have thought of the value of those claims for purposes of a settlement demand letter is essentially irrelevant. As Judge Steele noted in *Jackson v. Select Portfolio Servicing, Inc., supra*:

> Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence.

*Id.,* 2009 WL 2385084 at *1 . . . . In this case, as in *Jackson v. Select Portfolio Servicing, Inc.*, "the plaintiffs' bald demand is properly construed as mere posturing." . . .

[] Furthermore, to the extent that Plaintiffs' attorney's demand letter is entitled to any weight, it must be deemed to be offset or cancelled by the response from the Defendants' adjuster that Katherine Mark's claim was worth only $50,000, while Roberta Mark's claim was worth only $25,000. . . . Is this Court now put to the task of deciding whom to believe? Can

7

> *Lowery* be fairly met by choosing a plaintiff's puffery and
> posturing over an insurance adjuster's assessment? Can this
> Court fairly (or accurately) state that "an award below the
> jurisdictional amount would be outside the range of permissible
> awards because the case is clearly worth more than [$75,000]"
> when Roberta Mark's medical special damages total $9,684.01,
> while Katherine Mark's medical special damages total
> $9,888.21, and the Defendants believe the cases are worth only
> $25,000 and $50,000, respectively?

(Doc.10, at 4, 6-7,7 & 8 (footnote omitted))

5. In opposition to the motion to remand, the removing defendants

contend that this action has been properly removed on the basis of the "other

paper" paragraph of § 1446(b), as *Lowery* specifically recognizes settlement

offers, like the instant one, as such "other paper." (*See* Doc. 12)

> In the instant case, Defendants' reliance on the March 18, 2009
> demand letter from Plaintiffs' counsel is sufficient evidence to
> meet the preponderance of the evidence standard. *Richardson v.*
> *Fort Dearborn Life Ins. Co.,* 2009 LEXIS 97863 ([S.D. Ala.]
> Sept. 25, 2009) []. In *Richardson*, the Complaint did not contain
> a demand for a specific dollar amount. In support of their
> removal pleadings, the defendant offered a copy of a demand
> letter it received from plaintiffs' counsel which included an
> initial demand of $150,000 to settle the action. The Court, citing
> *Lowery*, unequivocally stated that the amount in controversy
> requirement was met by the defendants' reliance on the demand
> letter. This position has been repeatedly adopted by numerous
> Courts. *Free v. Baker*, 2009 LEXIS 51973 ([M.D.Ala.] July 19,
> 2009)[](amount in controversy requirement was met by
> $650,000 demand letter relied on by defendants); *QBE Ins.*
> *Corp. v. Dolphin Line, Inc.,* 2009 U.S. Dist. LEXIS 93534
> ([S.D. Ala.] August 11, 2009)[] (amount in controversy
> requirement was met by letter stating the amount which had

8

been paid and further stating what the amount of anticipated damages [were]).

.        .        .

The demand letter at issue in *Jackson* "simply" demanded "'[l]ump sum payment of $155,000' without the slightest suggestion how in the world the plaintiffs could support such a figure." . . . Here, unlike in *Jackson*, the demand letter provides the basis for the demands, i.e., the amount of medical expenses incurred by each Plaintiff. As required by *Jackson*, Plaintiffs' settlement demand provides that the plaintiffs are "offering a reasonable assessment of the value of [their] claim" and provides "specific information" to support their claims; thus, the subject settlement demand establishes the amount in controversy requirement.

5.      It should also be noted that Plaintiffs' assertion that what Plaintiffs' "counsel may have thought about the value of those claims for purposes of a settlement demand is essentially irrelevant" is wholly inaccurate. [] As stated in *Jackson*, settlement demands–like the one extended by Plaintiffs' counsel–can include specific information to support a plaintiff's claim and can offer a reasonable assessment of a claim. It is certainly inaccurate to state that what a plaintiff's counsel may have thought regarding the value of a claim was irrelevant. If that is to be believed now, when should such a settlement demand be taken seriously?

6.      While Plaintiffs rely on correspondence from Defendants' insurance adjuster to attempt to defeat the amount in controversy established by Defendants, they fail to do so. Plaintiffs do not cite any legal authority to support their position that said correspondence should be considered by this Court. In fact, Plaintiffs, in their Brief, cite *Lowery* for the proposition that when presented with a timely motion to remand, a court may review the propriety of removal *by looking only to the removing documents*. [] Here, Plaintiffs are requesting that this Court look

9

beyond the removing documents to determine the amount in controversy and their position is not supported by law.

7.      Importantly, it should also be noted that Plaintiffs' counsel, as officers of this Court, are representing to this Court that the Plaintiffs' claims are not worth more than $75,000 each. Accordingly, given the positions they have taken in their Motion to Remand, they should be estopped from recovering any amount in excess of $75,000. To allow otherwise would be fundamentally unfair because it would allow Plaintiffs to take the position at this time that their claims are not valued in excess of $75,000 each only to later recover an amount in excess of $75,000.[2] Plaintiffs simply cannot have it both ways.

(*Id.* at 2-3, 3-4 & 4-5 (some internal citations omitted; footnote added; emphasis in original))

6.      In reply, plaintiffs contend that the defendants' response ignores settled law and that the cases upon which defendants rely are distinguishable. (*See* Doc. 13) The undersigned finds most significant paragraph 1 of plaintiffs' reply: "[A]s explained by Judge Steele [] in . . . *Jackson v. Select Portfolio Servicing, Inc.,* 2009 WL 2385084 (S.D. Ala. July 31, 2009) [], when

---

[2]      While it should be sufficient to reject the defendants' argument in this regard on the basis that the defendants have failed to cite to any case law which supports same, thereby engaging in a practice for which they castigate plaintiffs, the undersigned takes this opportunity to remind defendants that it is they who bear the burden of proof regarding this Court's jurisdiction and, further, that it is counsel for the defendants who have represented to this Court, by removing this case, that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs. *Lowery, infra,* 483 F.3d at 1217 ("[T]he defendant, by removing the action, has represented to the court that the case belongs before it. Having made this representation, the defendant is no less subject to Rule 11 than a plaintiff who files a claim originally.").

confronted with an allegation of an improper removal, a court <u>may</u> consider 'post-removal clarifications of the amount that was in controversy at the moment of removal.' . . . Thus, the April 15, 2009, letter from Defendants' insurance adjuster (offering $50,000 for Katherine Mark's claim and $25,000 for Roberta Mark's claim) [] <u>may</u> properly be considered by this Court." (*Id.* at 1-2)

## <u>CONCLUSIONS OF LAW</u>

1.      "Any civil case filed in state court may be removed by the defendant to federal court if the case could have been brought originally in federal court." *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353, 1356 (11th Cir. 1996) (citing 28 U.S.C. § 1441(a)), *abrogated on other grounds by Cohen v. Office Depot, Inc.,* 204 F.3d 1069 (11th Cir. 2000).  Federal courts may exercise diversity jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and the action is between citizens of different states.  28 U.S.C. § 1332(a)(1).[3]  However, "[b]ecause removal jurisdiction raises significant federalism concerns, federal courts are directed to construe removal statutes strictly. . . . Indeed, all doubts

---

[3]      The parties in this case do not dispute that there is complete diversity of citizenship, leaving only the question of whether the amount in controversy requirement has been satisfied.

about jurisdiction should be resolved in favor of remand to state court." *University of South Alabama v. American Tobacco Co.,* 168 F.3d 405, 411 (11th Cir. 1999).

2.      "[T]he party invoking the court's jurisdiction bears the burden of proving, by a preponderance of the evidence, facts supporting the existence of federal jurisdiction." *McCormick v. Aderholt*, 293 F.3d 1254, 1257 (11th Cir. 2002); *see also Triggs v. John Crump Toyota, Inc*., 154 F.3d 1284, 1287 n.4 (11th Cir. 1998) (citation omitted) ("[T]he removing party bears the burden of demonstrating federal jurisdiction."); *Tapscott, supra* ("A removing defendant has the burden of proving the existence of federal jurisdiction."). When the complaint does not claim a specific amount of damages, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement." *Williams v. Best Buy Co., Inc*., 269 F.3d 1316, 1319 (11th Cir. 2001). A removing defendant cannot satisfy its burden of establishing federal jurisdiction by making "[a] conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion[.]" *Id*. at 1319-1320; *see also Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002) (same); *Anderson*

12

*v. Lotus Cars USA, Inc*., 2007 WL 1229105, *2 (M.D. Fla. 2007) ("A conclusory allegation in the notice of removal without setting forth underlying facts supporting such assertion is insufficient to meet the defendant's burden."). More specifically, "the removing defendant must establish the amount in controversy by '[t]he greater weight of the evidence, . . . [a] superior evidentiary weight that, though not sufficient to free the mind wholly from all reasonable doubt, is still sufficient to incline a fair and impartial mind to one side of the issue rather than the other.'" *Lowery, infra*, 483 F.3d at 1209, quoting *Black's Law Dictionary* 1220 (8th ed. 2004).

3.     The removing defendant in this case has failed to establish by a preponderance of the evidence, that is, the greater weight of the evidence, that the amount in controversy in this case more likely than not exceeds the $75,000 jurisdictional requirement. This Court's analysis of this issue is necessarily informed by the Eleventh Circuit's decision in *Lowery v. Alabama Power Co.,* 483 F.3d 1184 (2007), *cert. denied sub nom. Hanna Steel Corp. v. Lowery*, ___ U.S. ___, 128 S.Ct. 2877, 171 L.Ed.2d 812 (2008).[4]

---

[4]     "Although *Lowery* was decided in a Class Action Fairness Act case, its holdings are not limited to that context." *Carswell v. Sears, Roebuck & Co.,* 2007 WL 1697003, at *1 n.1 (M.D. Ala. 2007) (citation omitted); *see also Snead v. AAR Manufacturing, Inc.,* 2009 WL 3242013, at *2 n.1 (M.D. Fla. 2009) (same–complaint alleged violations of the Florida Whistleblower's Act); *Rollo v. Keim,* 2009 WL 1684612, at *2 n.2 (N.D. Fla. 2009) (same–automobile accident case); *Dougherty ± Chavez Architects, P.A. v. Houston Cas. Co.,*

[W]e conclude that the removal-remand scheme set forth in 28 U.S.C. §§ 1446(b) and 1447(c) requires that a court review the propriety of removal on the basis of the removing documents. If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction. If not, the court must remand. Under this approach, jurisdiction is either evident from the removing documents or remand is appropriate.

.     .     .

[U]nder § 1446(b), in assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff-be it the initial complaint or a later received paper-and determines whether that document and the notice of removal unambiguously establish federal jurisdiction. This inquiry is at the heart of a case, such as the one before us, in which the plaintiffs challenge removal by filing a timely motion to remand under § 1447(c). In assessing whether removal was proper in such a case, the district court has before it only the limited universe of evidence available when the motion to remand is filed-i.e., the notice of removal and accompanying documents. If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings. The absence of factual allegations pertinent to the existence of jurisdiction is dispositive and, in such absence, the existence of jurisdiction should not be divined by looking to

---

2008 WL 2439667, *2 n.2 (N.D. Fla. 2008) (same–breach of contract case); *Ellis Motor Cars, Inc. v. Westport Ins. Corp*., 2007 WL 1991573, at *1 n.2 (M.D. Ala. 2007) (same–action alleging breach of contract, fraudulent misrepresentation, negligence and wantonness); *see McCollough Enterprises, LLC v. Marvin Windows, Inc.,* 2009 WL 3615044 (S.D. Ala. 2009) (*Lowery* applied to suit alleging state-law causes of action for breach of contract, breach of warranty, and fraud); *Rogantinsky v. Metropolitan Life Ins. Co.,* 2009 WL 3667073 (S.D. Fla. 2009) (*Lowery* applied to breach of contract action); *Fernandez v. American Security Ins. Co.,* 2009 WL 3418254 (M.D. Fla. 2009) (*Lowery* applied in breach of contract case); *Constant v. International House of Pancakes, Inc.,* 487 F.Supp.2d 1308 (N.D. Ala. 2007) (*Lowery* applied in slip and fall case).

the stars.

.    .    .

Though the defendant in a diversity case, unlike the plaintiff, may have no actual knowledge of the value of the claims, the defendant is not excused from the duty to show by fact, and not mere conclusory allegation, that federal jurisdiction exists. Indeed, the defendant, by removing the action, has represented to the court that the case belongs before it. Having made this representation, the defendant is no less subject to Rule 11 than a plaintiff who files a claim originally. Thus, a defendant that files a notice of removal prior to receiving clear evidence that the action satisfies the jurisdictional requirements, and then later faces a motion to remand, is in the same position as a plaintiff in an original action facing a motion to dismiss.

*Id.* at 1211, 1213-1215 & 1217 (internal citations and footnotes omitted).

4.    The *Lowery* court also discussed in some detail the two categories of cases removable under § 1446(b). *Id.* at 1212 ("Section 1446(b) then answers the question of *when* an action is removable, setting forth the preconditions for removal in two types of cases: (1) those removable on the basis of an initial pleading; and (2) those that later become removable on the basis of 'a copy of an amended pleading, motion, order or other paper.'"); *see also id.* at 1211 &1213, ns. 62 & 63.

Under the first paragraph of § 1446(b), a case may be removed on the face of the complaint if the plaintiff has alleged facts sufficient to establish the jurisdictional requirements. Under the second paragraph, a case becomes removable when three conditions are present: there must be (1) an amended

15

pleading, motion, order or other paper, which (2) the defendant must have received from the plaintiff (or from the court, if the document is an order), and from which (3) the defendant can first ascertain that federal jurisdiction exists. Under either paragraph, the documents received by the defendant must contain an unambiguous statement that clearly establishes federal jurisdiction.

As we have noted, a removing defendant's counsel is bound by Rule 11 to file a notice of removal only when counsel can do so in good faith. We think it highly questionable whether a defendant could ever file a notice of removal on diversity grounds in a case such as the one before us–where the defendant, the party with the burden of proof, has only bare pleadings containing unspecified damages on which to base its notice–without seriously testing the limits of compliance with Rule 11. Unlike the typical plaintiff who originally brings a diversity action in federal court, the removing defendant generally will have no direct knowledge of the plaintiff's claims.

To the extent the defendant does obtain knowledge of the claims' value, it will generally come from the plaintiff herself in the form of information in an "other paper." This is so because a plaintiff who has chosen to file her case in state court will generally wish to remain beyond the reach of federal jurisdiction, and as a result, she will not assign a specific amount to the damages sought in her complaint. In such a case, . . . the defendant would need an "other paper" to provide the grounds for removal under the second paragraph of § 1446(b). In the absence of such a document, the defendant's appraisal of the amount in controversy may be purely speculative and will ordinarily not provide grounds for his counsel to sign a notice of removal in good faith.

*Id.* at 1213 n. 63 (internal citations and most internal quotation marks omitted).

5.      In accordance with *Lowery*, therefore, this Court looks to the

16

removing documents to assess the propriety of removal. It is readily discernable that the jurisdictional amount of $75,000 is nowhere clearly stated on the face of the plaintiff's state-court complaint.[5] Moreover, the undersigned recommends that the court find that such an amount is not readily[6] deducible from the removal documents.

6.      While it is clear that "[a] settlement offer can [] constitute an 'other paper' within the meaning of 28 U.S.C. § 1446(b)[,]" *Jackson v. Select Portfolio Servicing, Inc*., 2009 WL 2385084, *1 (S.D. Ala. 2009), the Eleventh Circuit's unfortunate citation in *Lowery* to *Williams v. Safeco Ins. Co.,* 74 F.Supp.2d 925, 929 (W.D. Mo. 1999) (demand letter) as an example of "other paper," 483 F.3d at 1212 n.62, has led defendants to remove cases based upon pre-suit settlement demands in accordance with the "other paper" paragraph of § 1446(b), and courts to accept such removals, *see Free v. Baker*, 2009 WL 1748244, *2 (M.D. Ala. 2009) ("In *Lowery*, the court expressly noted that a demand letter establishing an amount in controversy exceeding $75,000 constitutes an 'other paper' upon which removal may be based. . . . For purposes of ascertaining the amount in controversy, consideration of the pre-

---

[5]      The removing defendant makes no argument to the contrary.

[6]      Readily means "easily" or "promptly." WEBSTER'S II, NEW RIVERSIDE UNIVERSITY DICTIONARY, at 974 (1994).

suit demand letter is permitted by *Lowery*.”), despite the removal statute’s plain language in paragraph two that “if an ‘other paper’ is to start the thirty-day time period, a defendant must receive the ‘other paper’ after receiving the initial pleading[,]” *Chapman v. Powermatic, Inc.,* 969 F.2d 160, 164 (5th Cir. 1992), *cert. denied*, 507 U.S. 967, 113 S.Ct. 1402, 122 L.Ed.2d 774 (1993); *see also George v. Wal-Mart Louisiana, L.L.C.,* 2007 WL 196902, *2 (W.D. La. 2007) (“In *Chapman*, the Fifth Circuit set out that while a settlement or demand letter is acceptable as ‘other paper’ for the purposes of the second paragraph of sec. 1446(b), a *pre-suit* demand letter does not constitute sufficient ‘other paper’ from which defendant could ascertain the case was removable[.]”).  *Chapman’s* straight-forward and sensible analysis has led the Middle District of Florida, even after *Lowery* and correctly in the undersigned’s opinion, to determine that a pre-suit demand letter is not “other paper” for purposes of paragraph two of § 1446(b). *Compare Armstrong v. Sears, Roebuck & Co.,* 2009 WL 4015563, *1 (M.D. Fla. 2009) (“A plaintiff’s ‘pre-suit settlement demand letter[] will not be considered a[n] “other paper” for the purpose of satisfying the amount in controversy requirement.’”) *with Saberton v. Sears Roebuck & Co.,* 392 F.Supp.2d 1358, 1360 (M.D. Fla. 2005) (“Although case law permits the use of post-suit demand letters in determining

the amount in controversy requirement[,] Defendants pre-suit settlement demand letter will not be considered as 'other paper' for the purpose of satisfying the amount in controversy requirement."). While, based upon the foregoing, the undersigned concludes that a pre-suit settlement demand does not constitute "other paper" for purposes of the second paragraph of § 1446(b), this conclusion does not bring as much to bear in a removal case in this circuit, contrary to what the Middle District of Florida has indicated, inasmuch as it is clear that "[w]hile [a] settlement offer, by itself, may not be determinative, it counts for something[,]" *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1097 (11th Cir. 1994), and though made pre-suit it may nonetheless be utilized to support removal, *Jade East Towers Developers v. Nationwide Mut. Ins. Co.,* 936 F.Supp. 890, 891-892 (N.D. Fla. 1996) ("Here, the demand letter was sent before the initial pleading was filed. Although the defendant *may* utilize information from such a demand letter to support removal, it does not trigger the running of the thirty-day period under Section 1446(b).").

> What [a settlement offer] counts for [] depends on the circumstances. Settlement offers commonly reflect puffing and posturing, and such a settlement offer is entitled to little weight in measuring the preponderance of the evidence. On the other hand, settlement offers that provide "specific information . . . to support [the plaintiff's] claim for damages" suggest the plaintiff is "offering a reasonable assessment of the value of [his] claim" and are entitled to more weight.

*Jackson, supra,* at *1 (citation omitted).

7.     In this case, the March 18, 2009 pre-suit demand letter attached to the defendants' notice of removal clearly contains a modicum of specific information–i.e.,  the medical expenses incurred by each plaintiff–in support of the demands; however, because the demands are 35 times the medical expenses incurred by each plaintiff, the undersigned can reach no other conclusion but that the demands are both exaggerated/"puffed" and constitute unreasonable assessments of the value of the plaintiffs' claims. *Compare Golden v. Dodge-Markham Co., Inc.,* 1 F.Supp.2d 1360, 1364-1365 (M.D. Fla. 1998) (treating plaintiff's pre-suit settlement demand letter as mere posturing rather than an accurate assessment of the value of plaintiff's claims) *with Standridge v. Wal-Mart Stores, Inc.,* 945 F.Supp. 252, 256 (N.D. Ga. 1996) ("Defendant also alleges removal is proper because plaintiff's attorney sent a settlement demand letter to defendant, offering to settle for $75,000. Plaintiff's demand letter, however, was sent to the defendant on May 22, 1996, approximately two weeks before plaintiff filed her case. As such, plaintiff's letter is nothing more than posturing by plaintiff's counsel for settlement purposes and cannot be considered a reliable indicator of the damages plaintiff is seeking."). That those demands are not an honest assessment of damages,

*see Hall v. CSX Transp., Inc.,* 2006 WL 3313682, *3 n.5 (M.D. Ala. 2006) ("[D]espite the court's consideration of Plaintiff's pre-removal settlement offer . . . Defendant has not persuaded this court that Plaintiff's settlement demand was an honest assessment of damages[.]"), finds further support in the fact that the insurance adjuster only made offers of $25,000 to settle Roberta Mark's claim and $50,000 to settle Katherine Mark's claim, offers from which the insurance adjuster would not back away from following receipt of the March 18, 2009 demand letter from plaintiffs' Texas counsel.[7]

---

[7]     Defendants contend that under *Lowery* this Court cannot consider the April 15, 2009 letter from defendants' insurance adjuster notifying  plaintiffs' Texas counsel that the insurance company's offers of $25,000 for Roberta Mark and $50,000 for Katherine Mark would remain available for an additional thirty (30) days. While *Lowery* clearly states that in assessing the propriety of removal a district court has before it the limited universe of evidence, namely the notice of removal and accompanying documents, it is apparent to the undersigned that the Eleventh Circuit would eschew any attempt to use this decision to "hide the ball" with respect to jurisdictional "facts" existing at the time of removal, particularly since the *Lowery* decision also clearly states that the removing defendants have a Rule 11 duty "to show by fact, and not mere conclusory allegation, that federal jurisdiction exists." 483 F.3d at 1217. Because the April 15, 2009 letter existed prior to removal, it can–and must–be considered by this Court, the same as if it was attached, with the March 18, 2009 demand letter, to the notice of removal. *Katz v. J.C. Penney Corp., Inc.,* 2009 WL 1532129, *4 (S.D. Fla. 2009) ("[A] district court may consider evidence outside the removal petition if the facts therein existed at the time of removal."); *see also Sierminski v. Transouth Financial Corp.,* 216 F.3d 945, 949 (11th Cir. 2000) ("While it is undoubtedly best to include all relevant evidence in the petition for removal and motion to remand, there is no good reason to keep a district court from eliciting or reviewing evidence outside the removal petition. We align ourselves with our sister circuits in adopting a more flexible approach, allowing the district court when necessary to consider post-removal evidence in assessing removal jurisdiction. We emphasize, as did the court in *Allen*, that 'under any manner of proof, the jurisdictional facts that support removal must be judged at the time of the removal[.]'"); *cf. Jackson, supra,* at *2 ("[W]hat is prohibited are post-removal changes in the amount in controversy, not post-removal clarifications of the amount that was in controversy at the moment of removal.").

8.      What the foregoing evidence amounts to is a jurisdictional "wash," at best. In other words, when all the pre-removal evidence is considered[8] this Court cannot find that the defendants have proven by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs.[9]

---

[8]      Even if defendants are correct that this Court cannot consider the April 15, 2009 letter from their insurance adjuster, the result would be the same because the March 18, 2009 demand letter from plaintiffs' Texas counsel makes reference to the offers made by defendants' insurance adjuster and thereby injects ambiguity into the question of whether this Court properly may exercise subject-matter jurisdiction in this matter.

[9]      While this Court did indicate in *Richardson v. Fort Dearborn Life Ins. Co.,* 2009 WL 3464133, *4 (S.D. Ala.), *report and recommendation adopted and modified*, 2009 WL 3430645 (2009), that a post-action demand letter of $150,000 constituted an "other paper" and was admissible evidence of the amount in controversy (and established the amount in controversy), this decision is of little benefit to the undersigned both because of its conclusory analysis of the amount in controversy issue and because the circumstances of this case (pre-action demand letter and adjuster's responsive letter) are much different than those in *Richardson*. Moreover, this Court's decision in *QBE Insurance Corp. v. Dolphin Line, Inc.,* 2009 WL 3248016 (S.D. Ala. 2009), is clearly distinguishable because the jurisdictional issue arose not in the removal context but in the context of a motion to dismiss a declaratory judgment action and the clear and unequivocal evidence established the ***petitioner's/plaintiff's*** "burden of establishing by a preponderance of the evidence that the claim on which it [was] basing its jurisdiction exceed[ed] $75,000, exclusive of interest and costs." *Id*. at *5. Finally, the Middle District of Alabama's decision in *Free v. Baker*, 2009 WL 1748244 (2009) is not binding on this Court and is distinguishable because the demand letter at issue in that case referenced the recovery of unpaid medical bills, valued at over $69,000, and of lost wages, valued at $27,642.16 per year, amounts which, when combined, exceed the amount in controversy requirement.

## <u>CONCLUSION</u>

The removing defendants have not established by a preponderance of the evidence that the amount in  controversy in this case exceeds $75,000, exclusive of interest and costs. Accordingly, the undersigned **RECOMMENDS** that the motion to remand this case to the Circuit Court of Baldwin County, Alabama (Doc. 9) be **GRANTED**.

The instructions which follow the undersigned's signature contain important information regarding objections to the report and recommendation of the Magistrate Judge.

**DONE** this the 16th day of December, 2009.

   s/WILLIAM E. CASSADY

**UNITED STATES MAGISTRATE JUDGE**

**MAGISTRATE JUDGE'S EXPLANATION OF PROCEDURAL RIGHTS AND
RESPONSIBILITIES FOLLOWING RECOMMENDATION, AND
FINDINGS CONCERNING NEED FOR TRANSCRIPT**

l.      ***Objection***.  Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this court.  Failure to do so will bar a *de novo* determination by the district judge of anything in the recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge.  *See* 28 U.S.C. § 636(b)(1)(C); *Lewis v. Smith*, 855 F.2d 736, 738 (11th Cir. 1988); *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. Unit B, 1982)(*en banc*).  The procedure for challenging the findings and recommendations of the Magistrate Judge is set out in more detail in SD ALA LR 72.4 (June 1, 1997), which provides that:

> A party may object to a recommendation entered by a magistrate judge in a dispositive matter, that is, a matter excepted by 28 U.S.C. § 636(b)(1)(A), by filing a 'Statement of Objection to Magistrate Judge's Recommendation' within ten days[10] after being served with a copy of the recommendation, unless a different time is established by order.  The statement of objection shall specify those portions of the recommendation to which objection is made and the basis for the objection.  The objecting party shall submit to the district judge, at the time of filing the objection, a brief setting forth the party's arguments that the magistrate judge's recommendation should be reviewed *de novo* and a different disposition made.  It is insufficient to submit only a copy of the original brief submitted to the magistrate judge, although a copy of the original brief may be submitted or referred to and incorporated into the brief in support of the objection.  Failure to submit a brief in support of the objection may be deemed an abandonment of the objection.

> A magistrate judge's recommendation cannot be appealed to a Court of Appeals; only the district judge's order or judgment can be appealed.

2.      ***Transcript (applicable Where Proceedings Tape Recorded)***.  Pursuant to 28 U.S.C. § 1915 and FED.R.CIV.P. 72(b), the Magistrate Judge finds that the tapes and original records in this case are adequate for purposes of review.  Any party planning to object to this recommendation, but unable to pay the fee for a transcript, is advised that a judicial determination that transcription is necessary is required before the United States will pay the cost of the transcript.

---

[10]     Effective December 1, 2009, the time for filing written objections was extended to "14 days after being served with a copy of the recommended disposition[.]" Fed.R.Civ.P. 72(b)(2).